# No. A-CR-01-86

# Supreme Court of the Navajo Nation

**Benjamin Johnson,** *Defendant-Appellant,*

*vs.*

**The Navajo Nation,** *Plaintiff-Appellee.*
Decided June 23, 1987

## OPINION

*Before Tso, Chief Justice, Bluehouse and Austin, Associate Justices.*

*Benjamin Curley, Esq., Window Rock, Arizona for the Appellant; Jane Nez, Esq., Prosecutor's Office, Window Rock, Arizona for the Appellee.*

*Opinion delivered by Bluehouse, Associate Justice.*

The appellant, Benjamin Johnson, is appealing his conviction on January 7, 1986, in the Window Rock District Court, of one count of battery, 17 N.T.C. §316 (1977). We initially granted the appeal to decide whether the district court erred in finding that the force used by the defendant in self-defense was not reasonable or necessary, and whether the district court erred in its sentencing of the defendant. At oral arguments, the parties narrowed the appeal only to the issue of sentencing.

This case arises out of an incident between the appellant and one Loretta Shirley, which ended in the appellant striking Ms. Shirley with a stick. At trial, and in a motion for acquittal, the appellant claimed that he was under an immediate threat of severe physical harm, and acted in self-defense. The court, sitting without a jury, denied the motion for acquittal and found the appellant guilty of battery. The court decided that the force used was excessive and that it did not constitute justifiable self-defense under 17 N.T.C. §215(d) (1977). The transcript shows that, at the end of the trial, the court sentenced the appellant to two months probation "in lieu of" a sentence mandated under 17 N.T.C. §316(b). That section provides for imprisonment for a term not to exceed 180 days; a fine not to exceed $500.00; or both. The court's Judgment and Mittimus, dated

January 7, 1986, shows a sentence of 180 days in jail or a $500.00 fine, which were suspended and two months probation imposed.

The appellant cites *Navajo Nation v. Jones,* 1 Nav. R. 14 (1971), in support of his contention that the court erred in imposing probation prior to his being sentenced under §316(b). Further, the appellant argues that if the district court intended to correct the original sentence in the Judgment and Mittimus, the appellant should have been present for the imposition of the new sentence.

*Navajo Nation v. Jones, Id.,* presents a situation identical to this case. There, the defendant was convicted of assault and battery, and he was sentenced to 90 days probation, notwithstanding the prescribed penalty of a period of labor or, if the individual is unwilling to work, a jail sentence or fine. On appeal, Chief Justice Kirk declared the sentence of probation invalid by holding that the court must first impose a sentence mandated by law before suspending it and substituting probation. Justice Kirk reasoned that a valid sentence is necessary in the event that the defendant violates probation, in which case the law required that the defendant serve the original sentence increased by half. 1 Nav. R. at 15 and 16. Justice Kirk further decided that a sentence not according to law was a form of cruel and unusual punishment, which is prohibited by the Navajo Bill of Rights, 1 N.T.C. §7 (1967). 1 Nav. R. at 18. As Justice Kirk said, "A convicted person is entitled to be sentenced in accordance with the law and not sentenced in accordance with what some individual believes is best for him; anything less is not justice under the law." *Id.* at 15. Because probation is not a prescribed sentence under the Navajo Tribal Code, it may not be imposed prior to a sentence.

Although the Navajo Tribal Code has been revised since *Jones* was decided, the law regarding probation remains substantially the same as in 1971. 17 N.T.C. §224 (1977), gives courts the discretion to suspend a sentence and release the defendant on probation, but it does not allow an original sentence of probation. It is essential that a lawful and clearly-defined sentence be imposed on a defendant in the defendant's presence in open court. In this case, it appears that the sentence allowed in §316 was imposed outside the presence of the defendant and after he had been sentenced to probation. In addition, the Judgment and Mittimus imposed the maximum jail term or the maximum fine allowed by law, even though the court had noted that the defendant acted to some extent in reasonable self-protection. This appears to contradict 17 N.T.C. §1817(d) (1959), which states, "The penalities listed in Chapter 3 of this title are maximum penalties to be inflicted only in extreme cases." Even where sentences are suspended in favor of probation, the original sentence determines the penalty to be imposed if a defendant violates probation. 17 N.T.C. §1818(b) (1959). Therefore, district courts should take great care to follow the procedural

and substantive requirements of the law in determining sentences. The defendant's conviction is reversed and the charge against the defendant dismissed.